IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OPHELIA FETTER,<br>          Plaintiff<br>     vs.<br><br>JERSEY SHORE AREA SCHOOL<br>DISTRICT,<br>          Defendant | Civil Action - Law<br><br>Jury Trial Demanded<br><br>Judge Jones<br><br>Dkt No. 4:05-cv-0462 |

**PLAINTIFF'S BRIEF IN OPPOSITION OF MOTION TO INTERVENE**

ELLIOT A. STROKOFF, ESQUIRE
I.D. No. 16677
MICHAEL J. PLANK, ESQUIRE
I.D. No. 88446
**STROKOFF & COWDEN, P.C.**
132 State Street
P.O. Box 11903
Harrisburg, PA 17108-1903

Attorney for Plaintiff
Ophelia Fetter

## TABLE OF CONTENTS

                                                              Page

Table of Citations..........................................ii

I.  Summary of Argument......................................1

II.  Argument................................................1

    A.  Intervention as a Matter of Right Pursuant to
        Rule 24(a)...........................................1

        (1)  United National has not Carried its Burden
             of Proving that its Motion to Intervene is
             Timely; in fact, United National has Offered
             no Reason for its Delay in Seeking to
             Intervene.......................................2

        (2)  United National has not Carried its Burden of
             Proving that it has a Sufficient Interest in
             the Litigation..................................6

        (3)  United National has not Carried its Burden
             of Proving that its Asserted Interest Would
             be Impaired by the Resolution of this Case......7

        (4)  United National has not Carried its Burden
             of Proving that its Asserted Interest is
             not Adequately Represented By Defendant;
             in fact, United National is Actually
             Defending this Action...........................9

    B.  Permissive Intervention Pursuant To Rule 24(b).......10

        (1)  United National has not Carried its Burden
             of Proving that its Motion to Intervene is
             Timely.........................................11

        (2)  United National has not Carried its Burden
             of Proving that there Exists a Question of
             Law or Fact in Common Sufficient to Allow
             Intervention...................................11

        (3)  United National has not Carried its Burden
             of Proving that there Exists an Independent
             Basis of Jurisdiction.........................13

## TABLE OF CITATIONS

Cases                                                                    Page

Alexander Finance C.D. Inc. v. Sirotovsky v. Penn
Financial Group, Inc., 2004 WL 1552001 (E.D. Pa. 2004)........6

Brody v. Spang, 957 F.2d 1108 (3d Cir. 1992)..................2

Delaware Valley Citizens' Council for Clean Air v.
Pennsylvania, 674 F.2d 970 (3d Cir. 1982)...................4,9

F.T. Intern., Ltd. v. Mason, 2003 WL 21993859 (E.D. Pa.)......13

Harris v. Pernsley, 820 F.2d 592 (3d Cir. 1987)...............8

Hoots v. Pennsylvania, 672 F.2d 1133 (3d Cir. 1982)...........9

In Re Linerboard Antitrust Litigation, 333 F.Supp.
2d 333 (E.D. Pa. 2004)........................................13

Kitzmiller v. Dover Area School Dist., 229 FRD 463
(M.D. Pa. 2005)............................................2,12

Lawrence Music, Inc. v. Samick Music Corporation,
227 FRD 262 (W.D. Pa. 2005)...................................8

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216
(3d. Cir. 2005)...........................................8,12

Mountaintop Condominium Association v. Dave Stabbert
Master Builder, Inc., 72 F.3d 361 (3rd Cir. 1995) ...........2,5

Olden v. Hagerstown Cash Register, Inc., 619 F.2d 271
(3d Cir. 1980).................................................9

Rallis v. Trans World Music Corp., 1994 WL 52753 (E.D. Pa.)...13

United States v. Alcan Aluminum, Inc., 25 F.3d 1174
(3d Cir.1994)...............................................2,4

Wodecki v. Nationwide Ins. Co., 107 FRD 118 (W.D.
Pa. 1985).....................................................13

Statutes

Fed.R.Civ.P. 24..........................................1,10,11

I.    **SUMMARY OF ARGUMENT**

Plaintiff, Ophelia Fetter, by and through counsel, hereby objects to the <u>Motion to Intervene by United National Specialty Insurance Company</u> filed in this matter, for the reason that United National has not carried its burden of proof on any of the elements required to allow intervention under Federal Rules of Civil Procedure 24(a) and 24(b).  Specifically, United National has not carried its burden of proving (1) that its Motion To Intervene is timely, either pursuant to Rule 24(a) or Rule 24(b) (further, United National has offered no reason for its delay in seeking to intervene); (2) that it has a sufficient interest in the litigation; (3) that its asserted interest would be impaired by the resolution of this case; (4) that its asserted interest is not adequately represented by Defendant (in fact, United National is actually defending this action); (5) that there exists a question of law or fact in common sufficient to allow intervention; and (6) that there exists an independent basis of jurisdiction.


II.    **ARGUMENT**

   A.    **Intervention as a Matter of Right Pursuant to Rule 24(a).**

The Third Circuit has held that Fed.R.Civ.P. 24(a) entitles an applicant to intervene if: (1) the application for intervention is timely; (2) the applicant has a sufficient

1

interest in the litigation; (3) the interest may be affected or
impaired, as a practical matter, by the disposition of the
action; and (4) the interest is not adequately represented by an
existing party in the litigation.  Brody v. Spang, 957 F.2d 1108
(3d Cir. 1992).  "The applicant carries the burden of proving
all four parts of the test under Fed.R.Civ.P. 24."  Kitzmiller
v. Dover Area School Dist., 229 FRD 463, 465 (M.D. Pa. 2005).


    **(1)  United National has not Carried its Burden of Proving
that its Motion to Intervene is Timely; in fact,
United National has Offered no Reason for its Delay in
Seeking to Intervene.**

The Third Circuit has held that in determining whether
a motion to intervene is timely, three factors should be
considered: (1) the stage of the proceedings; (2) the prejudice
that delay may cause the parties; and (3) the reason for the
delay. Mountaintop Condominium Association v. Dave Stabbert
Master Builder, Inc., 72 F.3d 361, 366 (3rd Cir. 1995).

United National argues that because trial is nearly
four months away, no prejudice will result to the parties if
United National is allowed to intervene.  However, the proximity
of the trial is not alone determinative.  "[T]imeliness is not
just a function of counting days; it is determined by the
totality of the circumstances."  United States v. Alcan
Aluminum, Inc., 25 F.3d 1174, 1181 (3d Cir.1994) (citations

- 2 -

omitted).  "Rather, the relevant time from which to assess [the applicant's] right of intervention is when [the applicant] knew or should have known that any of its rights would be directly affected by this litigation."  Id., at 1183.

Here, United National has had actual knowledge of the litigation for at least a full year.  Plaintiff filed her complaint against Defendant, Jersey Shore Area School District, on March 3, 2005.  Defendant filed its answer on May 24, 2005.

Notably, United National admits that it has been aware of Plaintiff's suit from the very beginning:

> United National is the Defendant's insurance carrier.  United National has been defending this action since its inception. . .

[Brief in Support of Motion to Intervene by United National Specialty Insurance Company, at 6.]

In fact, United National's own documents reveal that it was aware of Plaintiff's claim even before it was filed with this Court.  United National's Reservation of Rights letter to Defendant, dated November 28, 2005 and attached to its Brief as Exhibit C, states that it "is a follow up to our letter to you on **July 12, 2001** regarding the above-captioned matter." (Emphasis added.)  The Reservation of Rights letter further notes that Plaintiff's original claim in this matter was filed on June 11, 2001.  Thus, United National was aware of the

- 3 -

underlying dispute between Plaintiff and Defendant, its insured,
long before the complaint in this case was even filed.

In any event, United National certainly knew of the
risk to its rights at the time Plaintiff's complaint was filed
against Defendant, its insured. Curiously, United National
turns this into an argument in favor of intervention, rather
than regarding it as evidence that it has failed to act to
protect its interests. A party seeking intervention must take
"reasonable steps" to protect its asserted interest. Alcan,
*supra*, at 1182. "When a proposed intervenor knew or should have
known of the pendency of a lawsuit at an earlier time, but
failed to act at that time to protect its interests, that
inaction will weigh heavily against the timeliness of the
motion." Delaware Valley Citizens' Council for Clean Air v.
Pennsylvania, 674 F.2d 970, 975 (3d Cir. 1982).

Here, United National had actual knowledge of this
litigation from the very beginning, but waited fourteen and a
half months from the time Plaintiff filed her complaint, and
nearly a full year from the date Defendant filed its answer,
before filing its Motion to Intervene. Both of these dates were
also years after United National first became aware of
Plaintiff's administrative claim against Defendant, its insured.
Clearly, United National has not taken reasonable steps to
protect its supposed interest. Therefore, its Motion to

- 4 -

Intervene should be denied due to the advanced stage of the proceedings pursuant to Mountaintop and its progeny.

In addition, United National asserts that, because trial is scheduled for September 6, 2006, no prejudice will result to the parties if it is allowed to intervene. However, it is obvious that the addition of another party will add to the expenses borne by Plaintiff, which in itself will prejudice Plaintiff. Additionally, although United National states in its brief that it will not seek any additional discovery, will not make any substantive claims and will not seek an adjournment of the trial date,[1] certainly the addition of another party raises the possibility, if not the likelihood, that any or all of those events could occur.

Finally, and crucially, United National has offered no reason for its delay (as detailed above) in seeking intervention in this case. As noted above, the applicant carries the burden of proving each element of the four-prong test for intervention, including that the application is timely. The reason for any delay is part of the timeliness inquiry. Having offered no explanation for its delay, United National has failed to carry the burden of proving that its application is timely.

---

[1][Brief in Support of Motion to Intervene by United National Specialty Insurance Company, at 9.]

- 5 -

>    **(2)  United National has not Carried its Burden of
>         Proving that it has a Sufficient Interest in the
>         Litigation**

In its brief, United National states that it has "a
direct economic interest in the outcome of the case." [Brief in
Support of Motion to Intervene by United National Specialty
Insurance Company, at 10.]

Even if this were so, it would not establish that such
an interest were sufficient to permit intervention.  "[A] mere
economic interest in the outcome of a particular litigation is
insufficient to support a motion to intervene." <u>Alexander
Finance C.D. Inc. v. Sirotovsky v. Penn Financial Group, Inc.</u>,
2004 WL 1552001 (E.D. Pa. 2004).

In fact, United National has no interest in the
damages sought by Plaintiff in this case.  Rather, United
National's asserted interest is merely hypothetical, in that it
may be subject to a claim by Defendant for reimbursement of
monies paid to Plaintiff should Plaintiff recover damages
against Defendant.  The cases cited by United National in its
brief involve situations where a third party attempted to
intervene to preserve an asserted right to a specific fund.
There is no specific fund at issue here.  There is only an
insurance contract obligating United National to provide
coverage to Defendant, its insured.  United National, unlike the

intervenors in the cases it cites, does not have any interest in any specific fund to protect.

United National neglects to mention that it drafted the policy that provides coverage to Defendant, its insured. The policy makes no mention of how the parties to the contract will handle litigation awards of general damages, a common phenomenon. Having failed to include such a provision, United National now seeks to have this Court resolve this question, which resolution would settle the matter between United National and its insured, to the detriment of Plaintiff's interest in prosecuting this action in a speedy and efficient manner. If insurance companies were routinely permitted to resolve such matters, which arise from their own omissions, via the courts, the result would be a flood of motions to intervene in suits where the defendant has a insurance coverage through a policy that is silent on the issue of general damages. Indeed, the absence of any cases where an insurance company has been so permitted to intervene, suggests that courts are wary of allowing intervention in such matters.

> **(3) United National has not Carried its Burden of Proving that its Asserted Interest Would be Impaired by the Resolution of this Case.**

Obviously, if a court finds that a party does not have a sufficient interest in a litigation to support intervention,

it need not address whether that interest would be impaired. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3d. Cir. 2005). Assuming *arguendo* that United National's asserted interest is deemed sufficient, it has not demonstrated that such interest will be impaired by the resolution of this case.[2]  While the court must consider the "practical consequences of the litigation," the interest asserted must be "a legal interest as distinguished from interests of a general and indefinite character." Harris v. Pernsley, 820 F.2d 592 (3d Cir. 1987) (citations omitted).

United National admits in its brief that no Pennsylvania court has permitted an insurer to intervene in the context of a sublimit provision.[3] [Brief in Support of Motion to Intervene by United National Specialty Insurance Company, at 14.] United National asserts that Pennsylvania law may preclude it from re-litigating coverage-related issues, but does not demonstrate that this rises to the level of "a legal interest as

---

[2]It bears repeating that the burden of proving each element of the four-prong test rests with the applicant.
[3]In fact, United National fails to mention that a Pennsylvania court expressly denied a motion to intervene in a recent case similar to this one. In Lawrence Music, Inc. v. Samick Music Corporation, 227 FRD 262 (W.D. Pa. 2005), an insurance company sought to intervene, pursuant to Fed.R.Civ.P. 24(b), for the limited purpose of offering a particular instruction to the jury to protect a sublimit provision in its contract with the defendant – the same reason proffered by United National in this case.  The court denied the motion to intervene because it was untimely.  The court also found that although the applicant was not seeking to conduct discovery, but was seeking only a special jury instruction, its involvement could cause prejudice to the parties.

distinguished from interests of a general and indefinite character."

> **(4)    United National has not Carried its Burden of Proving that its Asserted Interest is not Adequately Represented by Defendant; in fact, United National is Actually Defending this Action.**

In its brief, United National argues that the parties to this action "will not adequately represent United National's interest" because "[t]hey have no reason to seek clarification from the jury as to the specific components of any damage award." [Brief in Support of Motion to Intervene by United National Specialty Insurance Company, at 15.] However, assuming *arguendo* that this is so, this falls short of the standard used by the Third Circuit to determine adequacy of representation, which requires a showing[4] of either (1) a risk that the existing party cannot or will not devote proper attention to the applicant's interest; (2) collusion between the representative party and the opposing party; or (3) lack of diligence on the part of the representative party in prosecuting the litigation. Hoots v. Pennsylvania, 672 F.2d 1133 (3d Cir. 1982).

---

[4]Again, it must be noted that "[t]he burden is on the proposed intervenor to show that his interests are not adequately represented." Delaware Valley Citizens' Council, *supra*, at 974 (citing Olden v. Hagerstown Cash Register, Inc., 619 F.2d 271 (3d Cir. 1980)).

Here, United National has not demonstrated that Defendant cannot or will not devote proper attention to United National's interests.  In fact, given that "United National has been defending this action since its inception,"[5] and, indeed, is apparently bearing the costs associated with such defense, Defendant would seem to be well-apprised of United National's interests.  Additionally, United National has not alleged any collusion  between Plaintiff and Defendant in this case (nor, it must be said, is there any reason for it to do so).  Finally, United National has not alleged any lack of diligence on the part of Defendant in this case; in fact, as noted above, it would be odd for it to do so given the fact that United National is actually defending this case, and, presumably, paying for the privilege of doing so.

### B.    Permissive Intervention Pursuant To Rule 24(b)

Under Rule 24(b), the applicant must establish that (1) its application is timely, i.e., the proposed intervention will not unduly delay or prejudice the adjudication of the rights of the original parties, (2) its claim or defense and the main action have a question of law or fact in common, and (3)

---

[5][Brief in Support of Motion to Intervene by United National Specialty Insurance Company, at 6.]

there exists an independent basis of subject matter jurisdiction.  Fed.R.Civ.P. 24(b).

**(1)  United National has not Carried its Burden of Proving that its Motion to Intervene is Timely.**

The timeliness inquiry under Rule 24(b) is the same as it is under Rule 24(a).  Therefore, as discussed in paragraph II.A.(1), above, the relevant inquiry is not merely how far in advance of the trial the applicant makes its motion, but the stage of the proceedings, the possible prejudice caused to other parties by delay, and the reason for delay.  United National's motion is no more timely under Rule 24(b) than under Rule 24(a).  Accordingly, it should be denied for the reasons set forth in the discussion of Rule 24(a) timeliness, in paragraph II.A.(1), above (i.e., United National, having had actual knowledge of this case for at least a full year, has not taken reasonable steps to protect its asserted interest; its intervention would prejudice the Plaintiff; and United National has offered no reason for its delay).

**(2)  United National has not Carried its Burden of Proving that There Exists a Question of Law or Fact in Common Sufficient to Allow Intervention.**

It is for the court to determine whether there is a question of law or fact in common with the main action, and, if

so, whether it is sufficient to allow intervention under Rule
24(b). Liberty Mut. Ins. Co., *supra*.

United National argues that "the applicability of
United National's back wages sublimit is obviously dependent
upon the factual basis for any damage award." [Brief In Support
Of Motion To Intervene By United National Specialty Insurance
Company, at 15-16.] However, as explained in paragraph
II.A.(2), above, regarding sufficient interest under Rule 24(a),
United National's interest, if any, is merely economic, and the
"fact" question it claims (i.e., whether Defendant will make a
claim for insurance coverage against United National) is quite
outside the matter brought by Plaintiff in this action.

Furthermore, as stated above, United National is
already defending this action and has been doing so since its
inception. "Whether to grant permissive intervention is within
the Court's discretion, but in making this determination, courts
consider whether the proposed intervenors will add anything to
the litigation." Kitzmiller, *supra*, at 471 (citations omitted).
Given that United National is already defending this case, it is
difficult to divine what permitting United National to be
designated an intervenor would add to the litigation. In any
case, United National has not carried its burden of proving that
there exists a question of law or fact sufficient to allow
intervention under Rule 24(b).

**(3)  United National has not Carried its Burden of Proving that there Exists an Independent Basis of Jurisdiction.**

United National admits in its brief that, "Generally, permissive intervention requires an independent basis of subject matter jurisdiction." [Brief in Support of Motion to Intervene by United National Specialty Insurance Company, at 18.] United National proceeds to argue that this requirement has been "interpreted flexibly when a non-party seeks intervention for a limited purpose." [Id.].  However, the precise statement in the case cited, In Re Linerboard Antitrust Litigation, 333 F.Supp. 2d 333 (E.D. Pa. 2004), was that the requirement has been interpreted flexibly "when a non-party seeks intervention for the limited purpose of modifying a protective order."  Other courts have consistently held that "permissive intervention pursuant to Fed.R.Civ.P. 24(b) requires independent federal jurisdictional grounds." F.T. Intern., Ltd. v. Mason, 2003 WL 21993859 (E.D. Pa.); see also Rallis v. Trans World Music Corp., 1994 WL 52753 (E.D. Pa.), Wodecki v. Nationwide Ins. Co., 107 FRD 118 (W.D. Pa. 1985).

United National has asserted no independent basis of subject matter jurisdiction; rather, it argues only, based on a single distinguishable case, that it need not demonstrate any independent jurisdictional basis.  Accordingly, United National

- 13 -

has failed to provide any basis upon which this court could find an independent jurisdictional basis, one of the three items it must establish to be permitted to intervene under Rule 24(b).

      **WHEREFORE**, Plaintiff respectfully requests that this honorable Court enter an order denying the Motion to Intervene by United National Specialty Insurance Company in this matter.

      Respectfully submitted,

      STROKOFF & COWDEN, P.C.


      By:   /s/ Michael J. Plank
          Elliot A. Strokoff, Esq.
          I.D. No. 16677
          Michael J. Plank, Esq.
          I.D. No. 88446

DATE:     5/30/06     132 State Street
          PO Box 11903
          Harrisburg, PA 17108-1903
          (717) 233-5353

- 14 -

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OPHELIA FETTER,<br>                    Plaintiff<br>vs.<br><br>JERSEY SHORE AREA SCHOOL<br>DISTRICT,<br>                    Defendant | Civil Action - Law<br><br>Jury Trial Demanded<br><br>Judge Jones<br><br>Dkt No. 4:05-cv-0462 |

**CERTIFICATE OF SERVICE**

        I, the undersigned, certify that I have this day served

a true and correct copy of the foregoing by first-class mail,

postage prepaid, on the following person(s):


Joseph A. O'Brien, Esquire
Oliver, Price & Rhodes
1212 S. Abington Rd, PO Box 240
Clarks Summit, PA  18411

Ira S. Bergman, Esquire
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA  19103


Dated:    5/30/06          By:    /s/ Michael J. Plank
                                  Michael J. Plank